**CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED**

May 20, 2026

**LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DARYLL KEITH SHUMAKE,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:24-cv-00909** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **THE COMMONWEALTH OF** | ) | **Senior United States District Judge** |
| **VIRGINIA,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Daryll Shumake, a Virginia inmate proceeding pro se and without prepayment of the filing fee, filed this civil action under 42 U.S.C. § 1983 against the Commonwealth of Virginia. For the reasons set forth below, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

### I.      Background

Shumake is incarcerated at Wallens Ridge State Prison. He previously filed at least three actions that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. See Shumake v. Commonwealth of Virginia, No. 7:17-cv-00214, 2017 U.S. Dist. LEXIS 101686 (W.D. Va. June 29, 2017); Shumake v. Smith, No. 7:12-cv-00174, 2012 U.S. Dist. LEXIS 54521 (W.D. Va. Apr. 18, 2012); Shumake v. Harvey, No. 7:05-cv-00802, 2006 U.S. Dist. LEXIS 97572 (W.D. Va. Jan. 9, 2006); see also Shumake v. Commonwealth of Virginia, No. 25-6525 (4th Cir. Nov. 5, 2025) (denying leave to proceed on appeal without prepayment of fees and noting that the court had "previously determined that Shumake has the requisite qualifying dismissals") (citing Shumake v. Wallens Ridge State Prison, No. 08-7500 (4th Cir. Dec. 11, 2008)).

According to the current complaint and its attached exhibits, Shumake is partially paralyzed and uses a wheelchair. On January 24, 2024, Shumake submitted a written complaint requesting an accommodation for his disability. Shumake alleged that his left side was weak and that he needed "a railing on [his] right side upon getting off the toilet." Compl. Ex., ECF No. 1-1 at 6. On February 7, 2024, S. Caughron, an operations manager at Wallens Ridge State Prison, provided the following response: "As of today, 2/7/24, you have been moved to A-611. This is a handicap cell with a grab bar on the right side of the toilet." Id.

Shumake subsequently filed a regular grievance alleging that he was being discriminated against on the basis of his disability. Id. at 5. On February 20, 2024, the grievance was determined to be unfounded. Id. at 2. The Level I respondent noted that cell A-611, where Shumake had been moved, is a single, "ADA compliant cell"; that "[t]he hand assist rails for the toilet are on the right-hand side of the toilet"; and that accommodations had been made for Shumake's disability. Id.

Approximately eleven months later, in November 2024, Shumake fell while "getting out of [his] wheelchair at [his] door." Id. at 1. Shumake attempted to report the fall by submitting a medical request, but Nurse Smith refused to accept the form from Shumake while the nurse was in his housing unit. Id. at 7. Shumake subsequently submitted a written complaint against Smith. Id. at 10. Shumake alleged that Smith had "deliberately discriminat[ed] towards [his] disability" and exhibited "deliberate indifference as a standard of medical negligence." Id. at 10. On December 5, 2024, a medical staff member responded that Shumake had been seen multiple times by different nurses since the date at issue. Id. In response to a subsequent request to be placed on the list for sick call, a staff member responded that Shumake would be seen during sick call. Id. at 3.

2

Shumake subsequently filed this action seeking to recover "treble damages [in] the amount of $5.48 million. Compl., ECF No. 1, at 2. Shumake asserts that prison officials committed a "civil rights violation" by not providing "suitable" accommodations for his disability, that Nurse Smith acted with deliberate indifference to his medical needs, and that he "had to write to the head operations officer in order to be seen by the medical staff." Id. at 3.

## II.    Discussion

"[T]he Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 590 U.S. 595, (2020). The rule provides that a prisoner like Shumake, who has had three or more civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not bring another civil action without prepayment of the filing fee unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the imminent-danger exception, an inmate must "allege[] sufficient and specific facts establishing that he or she is in imminent danger of serious physical injury at the time of filing." Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception." Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006). Instead, an inmate "must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Id. (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)); see also Holley v. Combs, 134 F.4th 142, 144-46 (4th Cir. 2025) (concluding that an inmate satisfied the exception by alleging with specificity an ongoing practice of retaliation that had injured him and other similarly situated).

Shumake's complaint and other submissions do not set forth facts sufficient to satisfy the imminent-danger exception. The exhibits indicate that Shumake was moved to a cell with a grab

bar beside the toilet approximately two weeks after requesting such an accommodation. Although Shumake fell near his cell door nearly eleven months later and subsequently experienced some delay in being examined at sick call, his complaint does not identify any "ongoing serious physical injury" that remained untreated at the time he filed this action or describe "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Johnson, 200 F. App'x at 272 (internal quotation marks omitted). The pleading is otherwise devoid of "sufficient and specific facts establishing that he . . . is in imminent danger" of serious physical harm. Hall, 44 F.4th at 224; see also Johnson v. Little, 852 F. App'x 369, 371 (10th Cir. 2021) ("To satisfy § 1915(g), a prisoner must present specific, credible allegations of imminent danger of serious physical harm. He should identify at least the general nature of the serious physical injury he asserts is imminent. Vague and utterly conclusory assertions are insufficient.") (internal quotation marks and citations omitted).

## IV.    Conclusion

For the reasons stated, Shumake has not alleged facts sufficient to establish that he is in imminent danger of serious physical injury. Accordingly, the court will dismiss the action without prejudice under 28 U.S.C. § 1915(g).

Entered: May 20, 2026

Michael F. Urbanski
U.S. District Judge
2026.05.20
14:56:27 -04'00'

Michael F. Urbanski
Senior United States District Judge

4